## Commonwealth v. Rapp

*William Kelly*, for prosecutrix.

*Jess Jiuliante, Sr.*, for defendant.

CARNEY, J., April 28, 1966.—This matter is before the court on a petition to modify a court order for a blood test. The test was requested by defendant, who is charged with fornication and bastardy.

The charge was made by one Susan Novosel on April 6, 1965, before Merchie Calabrese, Alderman of the Third Ward of the City of Erie. On April 15, 1965, defendant appeared and waived his preliminary hearing. The child, a girl, was born on May 19, 1965, at Columbia Hospital, Wilkensburg, Pa., and was immediately thereafter placed for adoption. On August 31, 1965, defendant was indicted, and on September 2, 1965, his counsel requested the blood test, which was granted. On February 8, 1966, the petition to modify was filed, and a rule to show cause granted.

It is alleged in the petition to modify, and not denied, that during the pregnancy, defendant admitted paternity and agreed to make a reasonable settlement for the lying-in expenses. The only question between the parties was the amount and time of payment, because of the lack of employment of defendant.

We are going to amend the order of court dated September 2, 1965, so as to deny the request for the blood test, for the following reasons:

The decree of adoption terminates forever all relations between the child and its natural parents, severs it entirely from its own family tree and engrafts it upon that of its new parentage: Schwab Adoption Case, 355 Pa. 534.

For all purposes, legal and practical, the child thenceforth is dead to the mother who gave it birth. She has lost the right to ever see her child again, or even to know of its whereabouts: Southard Adoption, 358 Pa. 386; Harvey Adoption Case, 375 Pa. 1 (1953).

The effect of the adoption of prosecutrix's child in the instant case places that child forever beyond her control. An order by this court directing her to submit this child for the requested blood test would be a direction without the possibility of performance, for prosecutrix has lost the ability to do so.

She has no right under the laws of the Commonwealth to seek out this child for the purpose of this test and no right to even see the child, nor to inquire of its whereabouts. What defendant has requested is impossible for prosecutrix to do.

The adoption having been finalized by decree of court, and on that date, the status and rights of the parties involved having been determined, that judicial determination takes precedence over the request before the court.

It is our opinion that defendant's request under the circumstances here existing is not only legally unten-

able, but undesirable as a practical matter. The purpose of the Adoption Law is to further the welfare of the child; to hold otherwise in the instant matter would be injurious to the best interests of the child by tearing away the secrecy of the adoption that now allows the child to begin a new life with its new parents.

What Judge Woodside said in Commonwealth v. Weston, 201 Pa. Superior Ct. 554, applies with equal strength in this case. For though this child is of tender years, if the blood test could be ordered in this case, it might be ordered in a case involving older children. The damage possible in that event must be obvious to all.

### ORDER

And now, to wit April 28, 1966, the rule to show cause granted February 8, 1966, is made absolute, and the requested blood test is refused.